```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

BRANDON MARQUIS PUGH,            :
                                 :
    Petitioner,                  :
                                 :
vs.                              :  CIVIL ACTION NO. 16-00177-WS-B
                                 :
LOUIS BOYD,                      :
                                 :
    Respondent.                  :

**REPORT AND RECOMMENDATION**

    Brandon Marquis Pugh, an Alabama prison inmate proceeding *pro se*, brought this action seeking federal habeas corpus relief in the Western District of New York (Doc. 1). The New York Court transferred this action after determining that the Southern District of Alabama would be a more convenient forum because Pugh seeks to challenge a conviction entered by an Alabama state court, and because all of the records relating to his conviction, as well as his previous application for relief, are located in the Southern District of Alabama (Doc. 5). The case is now before the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8 of the

Rules Governing Section 2254 Cases.[1] Upon careful consideration, it is recommended that this action be dismissed as a successive petition under 28 U.S.C. § 2244(b)(3)(A).

I.  **NATURE OF PROCEEDINGS**

According to Pugh's petition, and other records electronically maintained by this Court, see Pugh v. Scoungers, 2014 U.S. Dist. LEXIS 20140 (S.D. Ala. Feb. 3, 2014)("Pugh I"); Pugh v. Boyd, 2014 U.S. Dist. LEXIS 148427 (S.D. Ala. Oct. 20, 2014)("Pugh II"), Pugh was charged with second-degree rape in the Circuit Court of Mobile County (CC-07-0808), and on August 15, 2007, he entered a guilty plea. (See Pugh II). On the same date, Pugh was sentenced to twenty years in the State penitentiary, split with five years to be served, followed by five years probation. He did not appeal his conviction and sentence. (Id.)

Pugh was released from prison to probation on January 1, 2012. (Id.) Six weeks later, he was arrested for second-degree rape and second-degree sexual abuse. His probation in CC-0700808 was revoked on September 26, 2012, and he was ordered to serve the remainder of his 2007 sentence. (Id.)

---

[1] The record is adequate to determine Petitioner's claim; thus, no federal evidentiary hearing is required. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1333-35 (11th Cir. 2004), cert. denied, 545 U.S. 1149 (2005).

In 2013, Pugh filed three habeas petitions with this Court. See Pugh, I, Pugh II, and Pugh v. Boyd, 2013 U.S. Dist. LEXIS 183533 (S.D. Ala. Dec. 19, 2013) ("Pugh III"). In Pugh I, Pugh challenged the revocation of his probation, and in Pugh II and III, he challenged his 2007 conviction and sentence. In a report and recommendation issued in Pugh II, the Court determined that Pugh's petition challenging his 2007 conviction and sentence was time-barred. See Pugh II. The report and recommendation was adopted by the District Court, and Pugh's petition was dismissed as time-barred on October 20, 2014. Pugh v. Boyd, 2014 U.S. Dist. LEXIS 148437 (S.D. Ala. Oct. 20, 2014)[2].

Subsequent thereto, Pugh commenced the instant habeas action in the Western District of New York. (Doc. 1). In his habeas petition, Pugh seeks once again to attack his 2007 conviction and sentence.

**II. ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA") provides that before a state inmate can file a second or successive § 2254 petition, he must seek and obtain an order from the court of appeals authorizing the district court to consider the second or successive petition 28 U.S.C.

---

[2] Pugh III was consolidated with Pugh I, which was subsequently dismissed for failure to exhaust.

§2244(b)(3)(A); Morris v. Fla. Dep't. of Corr., 519 Fed. Appx. 990 (11th Cir. 2013).  28 U.S.C. §2244(b)(3)(A) expressly provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. §2244(b)(3)(A).  Without prior approval from the courts of appeals, the district court simply lacks authority to consider a "second or successive" application. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

In this action, Pugh does not allege and there is nothing in the record to suggest that he has requested and has received authorization from the Eleventh Circuit Court of Appeals to bring this successive petition before this Court.  Thus, this Court is without subject-matter jurisdiction to consider Pugh's petition, and as a result, this action is due to be dismissed.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases

(December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see Miller-EL v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L.Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'").

In the instant action, Pugh has not demonstrated that he has applied to and received permission from the Eleventh Circuit to file this successive federal habeas petition; thus, this Court is without jurisdiction to consider the instant petition. Farris, 333 F.3d at 1216. Under the facts of this case, a reasonable jurist could not conclude either that this Court is

5

in error for dismissing the instant petition or that Pugh should be allowed to proceed further. See Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Pugh's petition should be dismissed. As a result, he is not entitled to a certificate of appealability.

**IV. CONCLUSION**

For the reasons set forth above, the undersigned recommends that the Court dismiss Pugh's petition as an improper successive petition, and find that he is not entitled to a certificate of appealability, and is further not entitled to proceed *in forma pauperis* on appeal.

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties

should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

    DONE this the **3rd** day of **June, 2016.**

                                        /s/ SONJA F. BIVINS
                                  **UNITED STATES MAGISTRATE JUDGE**